**WITHERSPOON & GILLIAM v. NICKELS, Sheriff, etc.**

A. owned a steam saw mill on the land of B. After assessment to A. for taxes, A. sold the mill to C. On bill by C. to enjoin the collection of the tax, on the ground that the mill was a fixture and assessed with the land—*Held*, That the mill was not a fixture, but if assessed with the land, and not as the personal property of A., the plaintiff's remedy, for any injury he might suffer from the sale, was in law and not by injunction.

APPEAL FROM HOT SPRING CIRCUIT COURT.

Hon. JOHN WHYTOCK, *Circuit Judge.*

*J. L. Witherspoon,* for Appellants.

*First.* This is not an excessive valuation, which could be corrected by the board of equalization; but even if the board had the power, this court would interfere to prevent "an irreparable injury." *Section 294 of Code.* A sale for taxes, *illegally* assessed, will be restrained by injunction. *Burnett vs. Cincinnati, 3 Ohio R.,* 73.

*Second.* That it was the intention of the Legislature to make mills taxable, and sold as real property. See *Revenue Act of 1869, Sections 2, 61, 118, 119,* from which it appears the assessment was illegal and erroneous.

*A. H. Garland,* for Appellee.

*First.* The general proposition is beyond question that the collection of taxes cannot be enjoined. 23 *Ark.,* 138; 6 *Pickering,* 98; 3 *Mass.* 309; 6 *Id.* 44; 11 *Id.,* 365; 4 *Johnson's Ch'y,*

354; 6 *Id.*, 28; 4 *Barb.* (*Sup. Ct.*) 9; 9 *Paige*, 378; 26 *Wendell*, 130. If the court interferes at all, it will only be to prevent a multiplicity of suits, but not where one party sues alone for his own taxes, and that too, when he has had his day, in court, to correct the assessment. 18 *Ark.*, 380; 23 *Ark.*, *Sup.*; 23 *Wis.*, 549; 27 *Georgia*, 354.

*Second.* The mill here alluded to is not real estate, it is no part of the realty; it was not a fixture, and therefore it was taxable independently of the land on which it was situated. *Hensly vs. Brodie*, 16 *Ark.*, 511, *and cases cited*; *Hull vs. Alexander*, 26 *Iowa*, 569.

HARRISON, J.—The appellants sought to enjoin the appellee, who was sheriff and *ex-officio* collector of taxes of Hot Spring county, from selling a steam saw and grist mill, levied on for the taxes for the year 1870.

The mill was situated upon the land of Valentine Brown, and was attached to the soil, but it belonged, when the assessment was made, to Charles Trickett, from whom the appellants afterwards purchased it, and was afterwards assessed as his personal property. The appellants claimed that the mill was a fixture, and as such, its value was included in the assessment of the land. Though a structure such as this, apparently possesses the stability and permanency pertaining to real estate, it is not necessarily a fixture, and part of the realty; for as the court remarked in *Fuller vs. Taylor*, 39 *Maine*, 522, "there can be no doubt that one may own a building standing on the land of another, with his consent;" and in that case, it was decided that a dwelling house erected on the land of another, with the previous knowledge and consent of the owner of the land, remains the personal property of the builder. And in *Ashmem vs. Williams*, 8 *Pick*, 402, it was held that a town house, erected on land of the town, under a contract with the builder, that the town should occupy part of it at a certain rent, and should have the right to purchase the house at an appraised value, was the personal property of

the builder.  *Curtis vs. Hoyt*, 19 *Conn*, 154; *Russell vs. Richards*, 10 *Maine*, 429; *Hilburne vs. Brown*, 12 *Id.*, 162; *Hensly vs. Brodie*, 16 *Ark.*, 511; *Hill on Fixtures* 18; *Green. Cruise's Digest*, 43.

The appellants' assumption that the mill was a fixture, is inconsistent with and repugnant to their ownership of it.  If a fixture, it necessarily belonged to the owner of the land, as a part of it; and it may be laid down as a self-evident proposition, admitting of no exception, that the title to the land cannot be in one person, and that to the fixture in another.

But if the mill had been assessed with the land, and not as the personal property of Trickett, and no taxes were due upon it, a court of law would afford the appellants an adequate remedy for any injury they might suffer by the sale of it, and equity has no authority to interfere, by injunction, to prevent it.

Decree affirmed.