## McINTOSH & BEAM v. HILL.

| | |
|---|---|
| 47 | 363 |
| 54 | 310 |
| 54 | 478 |
| 47 | 363 |
| 60 | 139 |
| 47 | 363 |
| 68 | 234 |

SALES: *Conditional; Title reserved until payment of price.*
  When a chattel is sold with a reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed, and a purchaser

from the vendee acquires no title, though he buys in good faith for a valuable consideration and without notice of the condition.

APPEAL from *White* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*J. W. House* for Appellant.

The only question in this case is the doctrine of a conditional sale, when applied to an innocent purchaser for value, who buys without notice of the conditions. This has never been settled by this court. In *Andrews v. Cox, 42 Ark., 480*, it was not involved, and in *Carroll v. Wiggins, 30 Ark., 402*, the party bought with full notice.

The later and better decisions sustain our contention. They discourage secret liens. *1 Benj. on Sales, 414 to 420, 4 Am. ed.; 93 U. S., 664; 102 U. S., 235; 37 Am. Rep., 661; 40 Id., 674; 31 Id., 79; 44 Id.; 598; 40 Id., 20; 3 Id., 612.*

*W. R. Coody* for Appellee.

This character of conditional sales, or in other words, "contracts for sale," with the title of the property to remain in the vendor until the payment of the purchase price, or the performance of the conditions precedent to the actual sale and vesting of title, are so well settled by authority, and so fully recognized and sustained by the various decisions of this court, that we deem it unnecessary to do more than to refer to those decisions. *Andrews v. Cox, 42 Ark., 480; Ferguson v. Hetherington, 39 Ark., 440; Carroll v. Wiggins, 30 Ark., 402.* Also, *Blackwell v. Walker, U. S. Circuit Court E. D. Ark.*, reported in *11 Rep., p. 418*, with authorities cited by Judge Caldwell, which seems conclusive.

COCKRILL, C. J. This is replevin for the possession of a mule. The facts, as taken from the abstract, are as follows:

"In March, 1884, S. S. Wann contracted to sell to one Overton, the mule in controversy, for $90, due in the fall. Until the purchase money was paid the mule was to be and remain the property of Wann, and upon failure to pay in the fall Overton was to deliver the mule to Wann, and pay for its *use*. Soon after the purchase Overton mortgaged the mule, with the crop to be raised by him, to the appellants for supplies for the year 1884, and at the time told the appellants that he had bought the mule on a credit. Overton died soon after the mortgage. The mule was used to make the crop, a part of which was paid on the mortgage. The parties not being able to pay for the mule in the fall, returned it to Wann, and settled for the use of it. Wann then sold the mule to the appellee, from whom it was replevied by the appellants under their mortgage. The value of the mule was $50 or $60. The mortgage was duly acknowledged and recorded while the mule was in Overton's possession, and the sum of about $40 was still due on it when this action was commenced." The judgment of the court was against the right of the mortgagees.

The question presented, put in the best light for them, is whether the title of a vendor parting with the possession of a chattel, upon the condition that the title shall not pass until the purchase money is paid, shall prevail against a *bona fide* purchaser for value from the vendee in possession, before the condition is complied with, without notice of the original seller's claim of ownership or of the condition upon which the delivery was made.

In *Carroll v. Wiggins, 30 Ark., 402,* it was decided that a sale and delivery of personal property on condition that the title is not to pass until payment of the purchase price, does not vest the title in the vendee until the condition is performed; and the rule was enforced against a purchaser from the vendee with notice of the condition.

3 SALES CON-
DITIONAL: Title
reserved until
payment.

In *Andrews v. Cox, 42 Ark., 473*, the question as to the attitude of a purchaser without notice, from a vendee holding subject to a like condition, was discussed by the court in considering a kindred question, and though this question is not expressly ruled, the intimation is very strong that the title of the original vendor must prevail. The hardship that is sometimes discovered when the condition is to be enforced against a *bona fide* purchaser, has induced some of the courts to come to the conclusion that as against him possession is *per se* a badge of fraud, and that the doctrine, that when one of two innocent parties must suffer the loss should fall on the one who caused the dilemma, protects the *bona fide* purchaser. But possession alone gives no right to transfer title, and one who has no title (and the conditional vendee before performance of the condition has none, according to *Carroll v. Wiggins, supra,*) can confer none. Possession of personal property is only *prima facie* evidence of title, and the doctrine of *caveat emptor* prevails notwithstanding the possession. The *prima facie* title must yield to the actual title when it is asserted, and the buyer who trusts to appearances must suffer the loss if they prove delusive. If the vendor is estopped from reclaiming his property from an innocent purchaser, there is no principle, as was said in *Andrews v. Cox, supra*, upon which we could stop short of holding that one who had borrowed or hired any personal property might divest the true owner of his title, simply by assuming the power to sell. We think that reason and the overwhelming weight of authority pronounce in favor of the right of the original vendor. The leading case on the subject is that of *Coggill v. Hartford etc. R. R., 3 Gray (Mass.), 545.* See too, *Ketchum v. Brennan, 53 Miss., 596; Fairbanks v. Eureka Co., 67 Ala., 109; Blackwell et al. v. Walker Bros., 5 Fed. Rep. (East. Dist. Ark.), 419; cases cited in note to Sradtfield v. Huntsman, 37 Amer. Rep., 661–2; Schouler's Personal Property, sec. 300.*

Affirm.