Simpson v. Shackelford.

LIQUORS: Clandestine sale by tenant: When landlord guilty.

---

## SIMPSON v. SHACKELFORD.

SALES: *Conditional: Title reserved until payment of price.*

The sale and delivery of a chattel under an agreement that the title shall remain in the vendor until the payment of the price, passes no title until the condition is performed. The possession of the vendee is only *prima facie* evidence of title, and even a *bona fide* purchaser from him acquires no title as against the original vendor.

| | |
|---|---|
| 49 | ·63 |
| 54 | 478 |
| 49 | 63 |
| 60 | 139 |
| 49 | 63 |
| 62 | 91 |
| 49 | 63 |
| 68 | 234 |
| 49 | 63 |
| 86 | 61 |

APPEAL from *Clark* Circuit Court.

H. B. STUART, Judge.

*Smoote, McRae & Hinton* and *J. M. Rose* for appellants.

The vendee of property where the title is reserved in the vendor until payment is made, can confer no title even on an innocent purchaser.  *McIntosh v. Hill, 47 Ark., 363 ; Andrews v. Cox, 42 Ark., 473, 480–1 ; McRae v. Merrifield, 48 Ark., 160, 25 Am. Dec., 604, and note ; 25 Am. Rep., 478 ; 42 id., 104, and note ; 44 id., 217.*

*Atkinson & Tompkins* and *Crawford & Crawford* for appellees.

1.  The reservation of title was a mere security for the payment of the purchase money—a mortgage—and not being of record is void as to purchasers without notice.  *102 U. S., 235 ; 5 Ark., 321 ; 1 Sumner, 530 ; 3 Ark., 69 ; 38 id., 207 ; 12 How. (U. S.), 139 ; Boone's Law of Mort., 339 : 1 Benj. on Sales (4th Am.), p. 8 ; 7 Fed. Rep., 543 ; 1 S. W. Rep., 414 ; 23 Cent. Law J., p. 374.*

2.  But if this be held a conditional sale, plaintiffs have waived their forfeiture and affirmed the sale, by their delay and laches.  *6 Pick., 262 ; 8 Wend., 247 ; 33 Ark., 465; 38 id., 351 ; 2 Schouler Pers. Prop., sec. 304 ; 41 N. Y., 155 ; 1 Benj. on Sales, sec. 436 ; 135 Mass., 172 ; 1 Gray (Mass.), 432.*

BATTLE, J.   On the 15th of January, 1881, Simpson & Gault conditionally sold and delivered to B. F. Butcher a certain twenty-six-inch pulley corn mill for the sum of $187 on a credit until the 15th of April following, and took from him an obligation in writing in the words and figures following, to-wit:

"PRESCOTT, ARK., Jan. 15, 1881.

" On or before the 15th day of April, 1881, for value received, the undersigned promises to pay to Simpson & Gault, or order, one hundred and eighty-seven dollars, with interest at 10

per cent per annum from date until paid, negotiable and payable at the Merchants National Bank, Little Rock, Ark., it being for a 26-in. pulley corn mill manufactured by said Simpson & Gault, of Cincinnati, O., and this day delivered to the maker of this note with the understanding and agreement by and between the maker of this note and Simpson & Gault, that the title is and shall remain in said Simpson & Gault until said machine is paid for in full.

"B. F. BUTCHER."

Butcher remained in possession of the mill until he sold to Shackelford & Bell, who, without any knowledge or notice that the title to it was in Simpson & Gault, purchased it of Butcher about the first of November, 1881, and took possession. Simpson & Gault having received only $40.50 of the $187 which Butcher agreed to pay, demanded the mill of Shackelford & Bell on the 26th of December, 1882, and they refusing to surrender it, brought this action against them for its possession.

In the trial the plaintiffs asked and the court refused to give to the jury, the following instruction: "The plaintiffs ask the court to instruct the jury, that if they find from the evidence that B. F. Butcher executed the note copied in the complaint, with the reservation of title therein contained, they should find for the plaintiffs, whether Shackelford & Bell, the defendants, had notice of said reservation at the time they bought the mill from Butcher or not."

And at the instance of defendants, and over the objections of plaintiffs, it gave the following instruction: "If the jury find from the evidence that plaintiffs sold the property in controversy to one B. F. Butcher, and placed him in possession of it, and took his note whereby he made a promise to pay the purchase money absolutely and unconditionally, and that they contracted that the title should remain in plaintiffs till the purchase money was paid in full, and that after

the debt became due they permitted said Butcher to retain possession of said property for a considerable length of time, and that said Butcher sold said property to defendants, and that their purchase was without notice of said retention of title by plaintiffs, they will find for defendants."

The jury returned a verdict in favor of· defendants. The plaintiffs moved for a new trial, which was denied, and they appealed.

CONDITIONAL SALE : Title reserved until payment.

The transaction between Butcher and appellants was a conditional sale. No title to the mill passed to him. Appellees only acquired the conditional title of Butcher. The fact that Butcher was permitted to remain in possession until he sold, did not estop appellants from claiming and taking possession after appellees purchased. They did not have a right to rely upon Butcher's possession as conclusive evidence of his title, and to say they were thereby induced to purchase. His possession was only *prima facie* evidence of title, and they had no right to treat and act upon it as higher evidence. To protect themselves it was necessary for them to inquire and ascertain how Butcher held. When Butcher failed to pay the purchase money at the time he agreed to, appellants became entitled to the possession of the mill, even in the hands of a *bona fide* purchaser, and to sue for and recover it at any time during the period prescribed for the bringing of such suits by the statute of limitations. *McIntosh & Beam v. Hill, 47 Ark., 363 ; McRae v. Merrifield, 48 Ark., 160; Sumner v. Woods, 42 Am. Rep., 104, and note ; Hegler v. Eddy, 53 Cal., 597 ; Hutchings v. Munger, 41 N. Y., 155 ; Deshon v. Bigelow, 8 Gray, 159 ; Ballard v. Burgett, 40 N. Y., 314.*

The judgment of the court below must be reversed, and a new trial granted.