EDGEWOOD DISTILLING CO. *v.* SHANNON.

Opinion delivered January 5, 1895.

1. *Conditional sale—Construction of contract.*

Where a bill of sale recites that certain property is thereby "bargained, sold and delivered," coupled with the condition that if the vendee shall pay the note given for the purchase money at maturity, "then this bill of sale is to be valid, otherwise void," the sale is conditional, though the property is delivered to the vendee.

2. *Payment—Giving new note.*

Where a vendor of property sold conditionally sues to recover its possession, and there was evidence tending to show that the purchase money note was paid partly in cash and partly by a second note, it is error to refuse to charge that if the first note was paid, the vendee's title became absolute, unless there was an agreement that it should remain in the vendor until the second note should be paid.

3. *Conditional sale—Election to treat as absolute.*

> Where a sale is made conditional upon the payment of a note, the attachment of the property by the vendor *before the maturity of the note* does not constitute an election by him to treat the sale as absolute, since the vendor was not required, until breach of the condition, to make his election to recover the property or to sue for its price.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

### STATEMENT BY THE COURT.

The appellant sued S. P. Teatro & Co. for a debt of over nineteen hundred dollars, and had an attachment issued and levied upon a stock of liquors, bar fixtures and furniture in the possession of Teatro & Co. Judgment for the debt and sustaining the attachment was rendered in favor of the appellant. Shannon, the appellee, filed an interplea for the fixtures and furniture. His interplea was sustained by the jury, and judgment entered accordingly, from which this appeal was taken.

On the 10th of January, 1891, S. P. Teatro entered into a contract with Thomas Shannon for the purchase of the property in controversy. The instruments evidencing this contract are as follows:

"$500.                    Hot Springs, Jan. 10, 1891.

One day after date, I promise to pay to the order of Thomas Shannon the sum of five hundred ($500) dollars, for value received. This note is given as the first payment of five hundred dollars on a bill of sale made to me on this date by Thomas Shannon for the sum of twenty-six hundred dollars ($2600), the balance of $2100 to be paid on the first day of February, 1891 ; and, in case of the failure to pay the remaining sum due to the said Thomas Shannon of ($2100) on the date above mentioned, then I agree to forfeit the sum of five hundred dollars. (Signed) S. P. Teatro.   Witness: W. A. Kirk."

"Hot Springs, Ark., January 15, 1891. On the first day of February, 1891, I promise to pay to the order of Thomas Shannon the sum of twenty-one hundred dollars ($2100) for value received. This note is given and mentioned in a bill of sale from Thomas Shannon to me, dated this day, as the balance due Thomas Shannon on said bill of sale. (Signed) S. P. Teatro."

Exhibit "C" to S. P. Teatro's deposition:

"Know all men by these presents, that I, Thomas Shannon, of the city of Hot Springs, Ark., of the first part, for and in consideration of the sum of twenty-one hundred dollars ($2100) to be paid by S. P. Teatro, of the same place, of the second part, to be paid as follows: to the said Thomas Shannon, one promissory note of hand for said sum of twenty-one hundred dollars ($2100) on the first day of February, 1891, signed by the said S. P. Teatro, and in favor of the said Thomas Shannon, (This sale is on this condition, that if the said S. P. Teatro shall pay said Thomas Shannon the said note at the time herein specified, then this bill of sale is to be valid; otherwise void) have this day bargained, sold and delivered, and by these presents bargain, sell and deliver, unto the said S. P. Teatro, the party of the second part, his executors, administrators and assigns, my undivided interest in and to all of the new bar furniture, fixtures, etc., now located in the new two-story brick building, the property of J. H. McLaughlin, situated on the corner of Prospect and Central avenues, in the city of Hot Springs, Ark., an itemized bill of which is hereto attached and made a part hereof, said bill being dated St. Louis, December 20, 1890; to have and to hold the same unto the party of the second part, his executors and assigns, forever. And I, Thomas Shannon, for myself, my heirs and assigns and legal representatives, agree with the said party of the second part and his legal representatives to warrant and defend the

sale of the aforementioned property and chattels unto the said party of the second part and his legal representatives against all and every person whatsoever. In testimony whereof, I have hereunto set my hand and seal, this 15th day of Janury, 1891. Thomas Shannon. (Seal)."

When the note for twenty-one hundred dollars became due, fifteen hundred dollars were paid in cash, and a note for the balance, for six hundred, was executed by S. P. Teatro and J. L. Lescher. Lescher and Teatro were then partners. This note has not been paid. In addition to this note, Shannon testified that he was bound as indorser for S. P. Teatro in the sum of four hundred dollars to the Arkansas National Bank. Shannon sued out an attachment against S. P. Teatro & Co. just after the plaintiff sued out its writ, and he thought it was levied on the property in question.

Witnesses on behalf of appellee testified that it was the understanding of the parties at the time of the execution of the instrument termed the bill of sale and the notes, that the title was to remain in Shannon until the purchase-money notes were paid; that the same was the agreement when the fifteen hundred dollars were paid on the note for twenty-one hundred dollars, and the note for six hundred dollars was executed for the balance. This testimony was objected to, and exceptions saved to the ruling of the court permitting it to go to the jury. Witnesses for appellant testified *contra*, and that the note for twenty-one hundred dollars, signed by S. P. Teatro, was paid by the fifteen hundred dollars in cash, and the six hundred dollar note signed by Teatro and Lescher.

The court instructed the jury, over the objection of appellant, that "where one sells property to another conditionally, retaining the title in himself until the price is paid, and afterwards accepts a part of 'the price in

money, and takes a note signed by the purchaser, or by the purchaser and another, for the balance, under a verbal agreement or understanding that he is still to retain the title until the note for the balance is paid, the title to the property will remain in him until said note is paid, and if a creditor of the purchaser, before the note is paid, attaches the property, the seller is entitled to recover it from him by interplea." And refused to instruct, at appellant's request, as follows: "(3.) Although you may find from the evidence that the interpleader reserved title to the property in question in default of payment of the six hundred dollar note, yet, if you also believe from the evidence that said Shannon sued on said note, and had an attachment against the property of S. P. Teatro & Co., you should find for the plaintiff, the Edgwood Distilling Company. (4.) If you believe from the evidence that the interpleader, Thomas Shannon, reserved, by bill of sale or contract, a lien or title to the fixtures in question until the note for $2100 was paid, and afterwards the said note was paid, part in money and part in another note, then the title or lien reserved will be at an end, and the property and title to the fixtures and furniture would be vested at once in S. P. Teatro & Co., the vendees ; and you should find for the plaintiff in this action, unless you should also believe from the evidence that S. P. Teatro & Co. and Thomas Shannon entered into another agreement, at the time of executing the $600 note, that the title to the fixtures and furniture should remain in Thomas Shannon until the six hundred dollar note was paid.

*C. V. Teague* for appellant.

1. The instruction given for the interpleader, as an abstract proposition of law, was good, if there was legal evidence in the cause to establish the fact that the

property was sold conditionally, and that the title was reserved in the interpleader until the purchase money was fully paid; otherwise it was erroneous and misleading, in view of the fact that no other explanatory instructions were given.

2. It may be treated as settled in this State that possession carries only the *prima facie* evidence of title, and it must yield to actual title. 47 Ark. 363. The instrument itself in this case expresses that the property is bargained and *sold*, and no express title is reserved in the vendor. 42 Ark. 473. In fact, it was nothing but a mortgage, and, not having been filed, is void as to creditors. The conduct of the interpleader in suing out an attachment shows that he did not claim title to the property. 7 Ark. 253 ; 39 Ark. 438.

3. Oral testimony was inadmissible to change the terms of the contract. 22 Ark. 456 ; 13 Ark. 498.

4. The $2100 note was paid, and the goods released by taking additional security for the balance due.

5. The instructions asked by appellant should have been given.

*Martin & Murphy* for appellee.

1. The instrument itself, on its face, is a conditional sale, and the subsequent arrangement was equivalent to taking possession and a re-sale by Shannon. 55 Ark. 642 ; 105 N. C. 463.

2. The testimony of Shannon and Kirk did not change the terms of the contract. The instrument was in perfect harmony with their testimony. Moreover, the case turned upon the second contract, by which the title was reserved until the $600 note was paid. Cases *supra*.

3. The instruction given was warranted by the evidence, and completely covered the case, and those asked were properly refused.

WOOD, J., (after stating the facts.)   True, the in-strument evidencing the contract between the parties expresses that the property is "bargained, sold and de-livered," but this is coupled with the condition "that if the said S. P. Teatro shall pay said Thomas Shannon the said note at the time herein specified, then this bill of sale is to be valid; otherwise void."   This condition clearly characterizes the transaction, we think, as a con-ditional sale.   The payment of the twenty-one hundred dollar note was therefore a condition precedent to pass-ing the property.   The fact that the property was de-livered to S. P. Teatro under the contract was of no consequence to affect the rights of the vendor, as pos-session was only *prima facie* evidence of title.   *Simpson* v. *Shackelford*, 49 Ark. 63.   It must be conceded, in view of our own decisions, that the question would be entirely free from difficulty if there had been an express reservation of title in the vendor.   *Simpson* v. *Shackel-ford, supra; McRae* v. *Merrifield*, 48 Ark. 160 ; *McIn-tosh* v. *Hill*, 47 Ark. 363 ; *Carroll* v. *Wiggins*, 30 Ark. 402.

*1. Sale con-strued to be conditional.*

Well, the language in which this condition is couched conveys the same idea with as much force and clearness.   There is no chance for misconception if the parties meant what they expressed.   We must presume they did.   *Then, unless there was a payment of the pur-chase money at the time specified, there was no sale.* The unambiguous terms of this instrument bring the present case within the rule laid down by Mr. Benjamin in his treatise on Sales.   "Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." Benjamin on Sales, 6th Ed. at p. 255, sec. 320, and

authorities cited on page 282, under title "American Note," par. 4, where it is said, speaking of the buyer's note: "Where such prepayment is the express condition of the sale, there is no doubt the vendor could take the goods from the vendee if the condition is not performed." It follows that the instruction given by the court was correct, and the testimony concerning reservation of property in vendor was properly admitted, for it did not vary or contradict the written contract.

2. *When giving new note is a payment.* 2. But, in refusing to give appellant's fourth request, the court failed to compass all the evidence on the question of payment. Appellant and Lescher testified that the note for twenty-one hundred dollars was paid. If such was the case, appellant's fourth request announced the law, and should have been given, to present both sides of the case on the question of payment.

3. *Election to treat conditional sale as absolute.* 3. We cannot say that the refusal to give appellant's third was error. While it is undoubtedly the law that where two inconsistent courses are open to a party, and he elects to pursue one, he must abandon the other (*Bailey* v. *Hervey*, 135 Mass. 172 ; *Butler* v. *Hildreth*, 5 Met. 49), yet, in view of the proof, it cannot be said that two inconsistent courses were open to Shannon when he sued out the attachment and had levy made upon the property in controversy ; for, if the sale was conditional, the relation of debtor and creditor did not exist absolutely, and the vendor was not required, until the breach of the condition, to make his election to recover the property or sue for its price. *McRae* v. *Merrifield*, 48 Ark. 160.

If payment of the note for six hundred dollars was a condition precedent to passing the property, and a time was fixed when payment should be made, it was necessary to show that the time had expired, and no payment— *i. e.*, a breach of the condition, before the vendor (Shan-

non) could be held to an election.   The proof is silent as to when the note for six hundred dollars was due.

4.   It is insisted that the motion for new trial "contains no ground based on the refusal of the court to give instructions."   We presume this statement was made by learned counsel inadvertently, from a failure to examine the transcript of the record, as it there appears that the exception to the ruling of the court in refusing to give instructions was to "each of the requests."

For the error indicated, the judgment is reversed, and cause remanded for new trial.