BUTLER *v.* ADLER–GOLDMAN COMMISSION COMPANY.

Opinion delivered May 23, 1896.

MORTGAGE—APPROPRIATION OF PROCEEDS.—A mortgage of real estate upon part of which certain machinery is situated, which is not a fixture because of the reservation of title by the mortgagor's vendor until payment of the purchase money, is not security for the amount paid by the mortgagee as the balance of the purchase money of such machinery, as against a junior mortgagee of another portion of such premises; but if, with the consent of the holder of the purchase money note, the machinery is sold with the land, under power of sale in the first mortgage, and enhances the price received to the extent of such note, the junior mortgagee cannot complain of the application of the proceeds of the sale to the payment of such note.

Appeal from Independence Circuit Court in Chancery.

JOHN B. McCALEB, Judge, on exchange of circuits.

STATEMENT BY THE COURT.

Appellees were the holders and beneficiaries of two deeds of trust, which were executed by one M. A. Wycough, to secure an indebtedness which amounted in

the aggregate to $5,500. In one of the deeds of trust the description of the property was as follows: "Northeast quarter of section 4 (four), T. 12 N., R. 5 west, 160 acres; northeast of northeast, section nine (9), T. 12 N., R. 5 W., 40 acres, upon which is situate one mill and cotton gin and twenty-horse power steam engine, all complete; also, part of west ½ lot nine, block 13, fronting 23½ feet on Main street, town of Batesville; also, east part lot nine, block 13, fronting 28⅓ feet on Main street, town of Batesville, upon which two parts of lots are situate the two storehouses now occupied by M. A. Wycough & Co." "To have and to hold, with all appurtenances thereto," etc. In the other deed of trust the property is described as "NE. ¼ sec. 4, and NE NE. ¼, sec. 9, T. 12 N., R. 5 W., 200 acres," with a clause, "To have and to hold, with all improvements thereto belonging," etc. Appellants, as junior mortgagees of the store property described in the first of the above deeds of trust, filed their bill to restrain the trustee from selling the store property, and alleged, *inter alia*, that the mortgage or deed of trust embracing the property first above described "had been paid off and satisfied in full," but that, notwithstanding that fact, "*the trustee is proceeding to foreclose said deed of trust on said property, and has advertised the said property for sale, and, according to the terms of said advertisement, said property is to be sold on February 11, 1893.*" They asked for and obtained a temporary restraining order, restraining the trustee from selling the store property as advertised, but not the other property contained in the deed of trust.

The answer, alleged that there was a total indebtedness of $6,706.07 due the appellees from Wycough & Co., secured by the deeds of trust, and included in said amount was the sum of $203.30, the balance of a purchase-money note for the machinery

described in the mortgage, which J. D. Goldman had purchased; that the trustee, on the day of sale, February 11, 1893, offered for sale only so much of said real estate as the sale thereof had not been enjoined, to-wit, the farm property, described thus : NE. ¼ of sec. 4, and the NE. ¼ of the NE. ¼ of sec. 9, all in T. 12 N., R. 5 W.; and that the defendant J. D. Goldman became the purchaser, bidding for the two tracts the aggregated sum of $5,350.00, which, after being credited on the mortgage debt, left a large sum still due appellees. And they asked that the injunction be dissolved.

In their replication, the appellants, denied that the machinery was, by the terms of the deed of trust, an appurtenance upon the NE. of NE. of sec. 9, T. 12 N, R. 5 W., at the date of the execution of said deed of trust, or any other property mentioned in said deed of trust, or was embraced therein, or was any part of said real estate ; and they say that the amount of the purchase-money note transferred to Goldman was improperly charged in the account as an item secured by the first deed of trust mentioned *supra.* They deny that the trustee had any power to sell the lands therein described except for the debt therein mentioned.

The court found that the machinery note held by Goldman was a proper charge, and was secured by the deed of trust. Appellants excepted, and appealed.

*Yancey & Fulkerson*, for appellant.

1. The note for $225.12 purchased from the Iron Works Co. is not secured by defendant's mortgage, because neither the property nor the debt is covered by the mortgage, and (2) because the machinery was not of "the appurtenances thereto belonging." The title to the machinery was not in Wycough, and he could not mortgage it, nor could it be a fixture, because the title was in another person than he who owned the real estate. 27 Ark. 332; 33 *id.* 384.

2.   The note was not an incumbrance, but the evidence of a debt and a conditional sale reserving the title in the vendors.   30 Ark. 402; 47 *id.* 463; 48 *id.* 160; 54 *id.* 476; 56 *id.* 426; 1 Jones, Liens, sec. 820.   Even if it was an incumbrance, it would not be prior to a recorded mortgage.   Sand. & H. Dig., sec. 5090.   If a lien is claimed under ch. 90, Sand. & H. Dig., they must comply with the statute.   52 Ark. 450.

3.   The court erred in appropriating the proceeds of the sale of the farm to the payment of this machinery note.   57 Mo. 135; 49 Fed. 203.

*Neill & Neill* and *H. S. Coleman*, for appellee.

The machinery was a fixture, an appurtenance to the land, and was especially conveyed by the mortgage, and in the absence of any reservation would pass with the land.   The land would not have sold for as much without the machinery as it did with it.   It thereby enhanced the bid, and *benefited* appellants.   This debt being an incumbrance on their security, appellee had the right to pay it off.   15 Am. & Eng. Enc. Law, p. 826; Tiedeman on Sales, par. 216.

*Yancey & Fulkerson* and *J. W. House*, for appellant on motion for rehearing.

1.   The title to the machinery remained in the Iron Works Co., and the note was not an incumbrance.   30 Ark. 402; 47 *id.* 463; 48 *id.* 160; 54 *id.* 476; 56 *id.* 426; 3 Am. & Eng. Enc. Law, p. 436; 1 Jones, Liens, sec. 820. The machinery was not a fixture.   27 Ark. 332; 33 *id.* 384.   Wycough could not mortgage it.   It is not alleged that this machinery was sold or authorized to be sold by the trustee.   All the trustee could sell was the land.   36 N. J. Eq. 230.   A party claiming subrogation can claim nothing beyond the rights of the person under whom he claims.   36 Vt. 721; 131 Ill. 376; Sheldon, Subrogation, secs. 1 and 2.   If the machinery increased the

price of land at the sale, the burden was on appellees to show it.   But there is not a scintilla of evidence to show this.

*Rose, Hemingway & Rose*, in reply, for appellees.

The mortgage conveys the machinery by name. The mortgage was foreclosed, and the property sold. This implies that all was sold.   It is not shown that the property sold for less by reason of the machinery being sold with it.   The clear inference is that it enhanced the price, and appellants are in no wise injured.

Wood, J., (after stating the facts).   Did the court err in allowing the trustee to pay off the note for the purchase money of the machinery held by Goldman out of the proceeds of the sale of the farm under the mortgage?   The purchase money note for the machinery was not secured by the deed of trust, and the court erred in so holding.   But it by no means follows that the error is one of which appellants can complain.   Before equity will interpose in their behalf, they must show some injury.   If the machinery was actually sold with the land, and enhanced the purchase price to the extent of the unpaid purchase-money note, it is impossible that appellants could have been prejudiced by the transaction.

Now the note shows that it was the "second one of two."   It was dated Sept. 19th, 1890, and was originally for $296.67, but, upon it had been paid $150, leaving a balance due on the day of the transfer to Goldman of $203.30.   The machinery for which these notes were given was "one mill and cotton gin and twenty-horse power steam engine, all complete."   The note was transferred to Goldman on the 13th of February, 1893, the day of the sale.   The machinery, therefore, was about two and one-half years old, and, as the outstand-

ing note was the "second one of two," the chancellor might have reasonably concluded that the machinery cost originally $593.34, and, being still comparatively new, enhanced the value of the farm to which it was attached, and increased the purchaser's bid at the sale (if it was sold) to at least the amount still due upon it,—$203.30.

Then, the only question remaining is, was it sold with the land in the deed of trust? The machinery is specifically described in the deed of trust. But, even if this were not so, a mortgage simply of the land "with its appurtenances" would generally carry with it such machinery, especially where it was firmly attached to the freehold by being "set in masonry," as was the case here with the engine and boiler.* And, but for the fact of the title to the freehold and to the machinery being in different persons, such machinery would have passed here under the mortgage. True, this machinery was not a fixture, because in equity the title to it was not in the owner of the land.† And, since the vendor of the of the machinery expressly reserved the title until the purchase price was paid, the vendee could vest no *absolute* title in another until he had paid the purchase money.‡ But he did have an interest in it, which he could sell or mortgage.§ He testifies that "the property described in the note to Batesville Iron Works Company is a part of the same property described in the mortgage

---

*Farmers' L. & T. Co.* v. *Minneapolis E. & M. Works,* 35 Minn. 543; *McKim* v. *Mason,* 3 Md. Ch. 186; *Burnside* v. *Twitchell,* 43 N. H. 390, and other authorities cited in 8 Am. & Eng. Enc. Law, 50, title, "Fixtures."

† *Witherspoon* v. *Nickels,* 27 Ark. 332; *Stirman* v. *Cravens,* 33 Ark. 384.

‡ *Carroll* v. *Wiggins,* 30 Ark. 402; *McIntosh* v. *Hill,* 47 Ark. 363; *McRea* v. *Merrifield,* 48 *id.* 160; *Cincinnati Safe Co.* v. *Kelly,* 54 *id.* 476; *Simpson* v. *Shackelford,* 49 *id.* 63; 1 Jones, Liens, sec. 820; 3 Am. & Eng. Enc. Law, 436.

§ *McRea* v. *Merrifield,* 48 Ark. 160.

to the Adler-Goldman Commission Company; that he "put it on the land as a permanent improvement, expecting it to remain there,"—thus showing that he intended to and did include the machinery in the deed of trust. Now, appellants' complaint alleged that the trustee "is proceeding to foreclose said deed of trust *on said property*," and has advertised the *said property* for sale, and, according to the terms of said advertisement, "said property is to be sold." It is shown in the answer of appellees that the amount of the purchase-money note was included in the account of Wycough, the mortgagor, with Adler-Goldman Commission Company, which the trustee was foreclosing the mortgage to pay, and the trustee applied the proceeds of the sale to the payment of the account, of which the note was a part. This clearly indicates that the note was treated by the trustee and appellees as an incumbrance, and that the machinery was sold with the land. Notwithstanding this was shown, and in effect alleged in the answer, appellants nowhere in their replication deny this, but impliedly admit it. In this way it was treated in all the subsequent proceedings, without anything to indicate that it was questioned. The appellants except to the ruling of the court in "approving and sustaining the appropriation by the trustee of the proceeds of the sale to the payment of the purchase-money note;" but that is not an objection that the machinery was not sold. Having treated the machinery as sold in the court below, they are bound by that action here. Appellants do not deny that, if the machinery was sold, it increased the proceeds of the sale as much as was due on it. They evidently proceeded entirely upon the theory that the note was not secured by the mortgage, and not upon the theory that the property was not actually sold. If appellees were the owners of the machinery by reason of the purchase by J. D. Goldman of the purchase-

money note for same,—as claimed by appellants,—they were also the owners of the mortgage, and they could certainly have had the machinery sold with the land if they desired. We conclude that the record makes a strong *prima facie* case that the machinery was sold with the land, and that it increased the proceeds of the sale to the amount of the outstanding note. As the burden was upon appellants, and they have failed to make the error of the court, if any, appear, the motion for reconsideration must be overruled, and the decree will stand affirmed.