## PIERCE v. WHIPPLE.

### Opinion delivered March 27, 1916.

1. SALES—CONDITIONAL DELIVERY—RETENTION OF TITLE—RESALE.—Where property is delivered to the purchaser, on condition that the title should not pass until the purchase price was paid in full, a subsequent purchaser from the original vendee can acquire no title to the property.

2. ADMINISTRATION—SALE BY ADMINISTRATOR—RESERVATION OF TITLE.—An administrator who sells chattels on credit, under a reservation of title, does so at his peril, and if a loss occurs to the estate by reason of his failure to comply with the terms of the statute, he is responsible for the loss.

3. SALES—SALE BY ADMINISTRATOR—UNAUTHORIZED SALE—RIGHTS OF PURCHASERS.—Where an administrator sold chattels belonging to the estate, on credit, with a reservation of title, the fact that such sale was unauthorized will not permit the purchaser or his vendee to repudiate the conditions upon which the sale was made.

Appeal from Craighead Circuit Court; *W. J. Driver,* Judge; affirmed.

*Smith & Gibson,* for appellant.

1. Administrators are not allowed to sell personal property and take as surety the mere retention of the title to the property. Kirby's Digest, § 85; 12 Ark. 378.

2. John Keith should have been made a party. He was the original purchaser.

*Baker & Sloan,* for appellee.

1. The retention of title by the adminsitrator was not wholly void. Credit sales are allowed. Kirby's Digest, § 85. The retention of title was good and sufficient security. 23 Ala. 377, 389.

2. John Keith was not a proper, nor necessary party. 31 Ark. 345, 361-4.

McCulloch, C. J. The plaintiff sold the personal property of the estate of his intestate, pursuant to an order of the probate court which directed that he take notes with good security for the purchase price, as provided by statute. Kirby's Digest, § 85. Among the property thus sold was two mules, which were purchased by John Keith, a son of the decedent, who executed to plaintiff,

as such administrator, his note for the purchase price of the mules, said note containing a stipulation that the title and ownership of said property should remain in the plaintiff until the note should be paid in full. Keith subsequently sold one of the mules to defendant Pierce, and this is an action to recover possession from Pierce, it appearing that said purchase note executed by Keith has not been paid. The circuit court rendered judgment in favor of the plaintiff and the defendant has appealed.

(1) It is insisted that as the statute authorizes an administrator to take "notes with good security from the purchaser," this sale was void because the form of the security taken was in derogation of the terms of the statute. The property was delivered, however, on condition that the title should not pass until the purchase price be paid in full, and under those circumstances a subsequent purchaser acquired no title from his vendor, who had none to convey, as against the original vendor. *Andrews* v. *Cox,* 42 Ark. 473; *McIntosh* v. *Hill,* 47 Ark. 363; *McRea* v. *Merrifield,* 48 Ark. 160; *Simpson* v. *Shackelford,* 49 Ark. 63.

(2-3) There is no statutory authority for an administrator to sell chattels of the estate and reserve the title as security, and when an administrator does that it is at his own peril. If loss occurs to the estate by reason of his failure to comply with the terms of the statute, he is responsible for the loss. But the purchaser who accepts delivery of possession of the property on those terms is estopped to repudiate the conditions upon which the delivery was made. The fact that only security of another kind was authorized by statute does not help the purchaser or his vendee, for no title passed until the condition was complied with.

That is the only question involved in this appeal, and as the case was correctly decided by the circuit court the judgment is affirmed.