## TRIPLETT *v*. MANSUR & TEBBETTS IMPLEMENT COMPANY.

### Opinion delivered May 19, 1900.

1. CONDITIONAL SALE—RESERVATION OF TITLE—PAYMENT.—Where goods are sold on condition that the title shall remain in the vendor until the purchase notes are paid, the execution of renewal notes for the debt is not a payment, unless by agreement of the parties the notes are taken as such.   (Page 233.)

2. SAME—VALIDITY.—An agreement in a sale of goods that if the vendee sells them they are to be sold as property of the vendor, and the proceeds of the sale are to be and remain the property of the vendor, is valid.   (Page 234.)

3. SAME—BONA FIDE PURCHASER.—Where a chattel is sold with reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed; and a purchaser from the vendee acquires no title, though he buys in good faith, for a valuable consideration, and without notice of the condition.   (Page 234.)

Appeal from Jefferson Circuit Court.

JNO. M. ELLIOTT, Judge.

*J. M. & J. G. Taylor*, and *M. L. Altheimer*, for appellant.

Where goods are sold on a credit to a merchant *for resale*, the doctrine of conditional sales does not apply in a controversy between the vendee and the assignee and creditors of the vendee. The reservation of title in such case is void, and appellee is remanded to its remedy under the vendor's lien given by Sand. & H. Dig., § 4727. This lien is lost if the goods are assigned.   45 Ark. 136; 52 Ark. 450; *ib*. 458; 6 Daly, 305; 31 Barb. 650.   When the notes were taken in payment of the original account, it devolved upon appellee to show that the title was specially reserved.   60 Ark. 133.

*W. T. Young*, for appellee.

The agreement reserving title was valid.   5 L. R. A. 300; S. C. 57 Conn. 352; 9 L. R. A. 270; S. C. 58 Pac. 384. Taking a note for a debt is not a payment of it, unless it be

so agreed.   36 Ark. 69; 48 Ark. 267; 49 Ark. 508; 50 Ark.
261.

HUGHES, J.   This is a suit in replevin, brought in the
Jefferson circuit court, by Mansur & Tebbetts Implement Com-
pany, of St. Louis, against C. H. Triplett, assignee of H. C.
McGaughy, who failed in business in Pine Bluff in February,
1897, making an assignment to C. H. Triplett; the goods, wares
and merchandise amounting to $1,339.01.   The complaint
states that the plaintiff (appellee herein) is a Missouri corpora-
tion, engaged in the manufacture and selling of hardware,
machinery, tools, plows, grist mills, etc.; that the defendant,
C. H. Triplett, assignee (appellant herein), is the assignee of
H. C. McGaughy, a hardware merchant of Pine Bluff; that
during the years 1896 and 1897 the said McGaughy purchased
from this plaintiff the goods, wares and merchandise set out;
that no title passed to the said McGaughy in said goods until
they were fully paid for, according to the contract and agree-
meent entered into between appellant and appellee at the time
of said purchase, as follows:   "And it is also agreed ,that the
title to and ownership of all goods which may be shipped as
herein provided, or during the current season, shall remain in,
and their proceeds in case of sale shall be the property of,
Mansur & Tebbetts Implement Company, and subject to their
order, until full payment shall have been made for same by
the said McGaughy; but nothing in this clause will release
the undersigned from making payments as herein agreed."
Prayer, that judgment be given for possession of said goods and
costs.   The necessary affidavit and bond in replevin were filed
by appellee.

The answer admitted the sale of the goods mentioned by
appellee to the said McGaughy, but denied that appellee was
the owner and entitled to the possession thereof, or any part
thereof, or that appellee retained the title to said goods, or any
part thereof, but stated the appellant was the owner and en-
titled to the possession of said goods.

The case was tried before a jury on December 8, 1897.
Judgment in favor of appellee for $1189.19 and costs, and in
favor of appellant for $95.18.   Motion for new trial filed and
overruled, and appeal granted to this court.

W. B. Neff, a witness on behalf of appellee, testified: That he was in the employ of appellee, and worked for it when McGaughy purchased the goods replevied herein; that he knew the goods replevied were the same as were bought of appellee; that he demanded goods from appellant before replevying them. Against the objection of appellant, counsel for appellee introduced the order made by said McGaughy for the goods replevied, upon the back of which was printed the following: "It is also agreed that the title to and ownership of all goods which may be shipped as herein provided, or during the current season, shall remain in, and their proceeds in case of sale shall be the property of, Mansur & Tebbetts Implement Company, and subject to their order, until full payment shall have been made for the same by the undersigned in money; but nothing in this clause will release the undersigned from making payment, as herein agreed." "Q. You have looked over these contracts of sale.  Look at these notes, and see if they are given for the goods covered by this contract of sale.  Ans.  They are."  With the changes for dates and amounts, said notes are as follows:  $216.10.    Pine Bluff, Ark., November 17, 1896.  December 15, 1896, after date, the subscriber, H. C. McGaughy, promises to pay to the order of Mansur & Tebbetts Implement Company, or order, $216.10, payable at the Merchants' & Planters' Bank, with exchange on New York or St. Louis.  Collection charges and interest at 8 per cent. per annum from November 15, 1896, until paid.  Value received. If this note is collected by suit or through an attorney, the subscriber agrees to pay ten per cent. additional for costs of collection.  H. C. McGaughy."  The said notes were not paid by the said McGaughy at the time of his assignment to appellant herein.  Only goods for which the notes were given and unpaid were replevied.  Those purchased before and paid for were not taken.  The goods sold by appellee to said McGaughy and replevied herein were such goods as were carried for sale in a hardware or implement store.

The evidence shows that there had been a partial payment of two hundred dollars on the one note originally given for the price of the machinery appellant purchased, and for the balance two new notes were executed.

The appellant says that there are two questions of law involved in this case, of far-reaching effect and importance:

First.  Where one sells goods, wares and merchandise to a retail merchant, where the purpose of the sale is that the goods may be re-sold, as where a manufacturer or wholesaler sells to a retail dealer personal property on a credit, for the purpose of re-sale, does the doctrine of conditional sales apply or govern such a sale, in a controversy as to such articles between the original vendor and: the assignee and creditors of the original vendee?

Second.  Where there is a conditional order and sale in the first place, and subsequently, after the delivery of the goods to the vendee, the amounts due for such purposes are closed by notes, which notes do not set out or state that the title to the goods, wares and merchandise for which said notes are given is retained, is not the giving of said notes and their acceptance such a payment, unless the parties entered into another agreement at that time reserving title as will preclude the original vendee from claiming title to said goods when they have passed by assignment into the hands of an assignee for the benefit of creditors?  And where one of said notes is paid, partly in money and partly in other notes, would not the title or lien reserved be at an end, unless the parties entered into another agreement at that time reserving title?

In answer to the first proposition of the appellant, we have to say that the question propounded therein is not involved in this case.  It will be proper to decide that question, when it is presented for decision.  In the case at bar the goods replevied were in the hands of the assignee of the appellant, and had not been resold to customers in the usual course of business.

In answer to the second proposition of appellant, we have to say that the giving of notes for a debt is no payment of the debt, unless by agreement of the parties the notes are taken in payment.  *Blunt* v. *Williams*, 27 Ark. 374; *Henry* v. *Conley*, 48 Ark. 267.  By agreement of the appellant's assignor with the appellee made, at the time the goods were ordered, he was to execute his notes for the purchase price, and the title to the

goods was to remain in the appellee until the goods were fully paid for.    Execution of a renewal note for the debt or part of it was not payment of the debt, unless taken as such.    According to the contract of the parties, if the goods were sold by McGaughy, they were to be sold as the property of the appellee, and the proceeds of the sale were to be and remain the property of the appellee.    Such an agreement is valid.    *New Haven Wire Co. Cases*, 5 L. R. A. 300; S. C. 37 Conn. 332; *F. J. Dewes Brewery Co.* v. *Merrit*, 9 L. R. A. 270; 58 Pac. Rep. 384.

The appellant concedes, and the law is, that when personal property is sold under an agreement that the title to the property shall not pass, but remain in the vendor until fully paid for, no act of the buyer can prevent recovery of the property by the seller, if the same is not paid for.    "When a chattel is sold with reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed, and a purchaser from the vendee acquires no title, though he buys in good faith for a valuable consideration and without notice of the condition."    *McIntosh* v. *Hill*, 47 Ark. 363; *Simpson* v, *Shackelford*, 49 Ark. 63; *Edgewood Distilling Co.* v. *Shannon*, 60 Ark. 133.    Arkansas cases *passim*.

The judgment is affirmed.