STARNES v. BOYD.

Opinion delivered January 8, 1912.

1.  SALES OF CHATTELS—CONSTRUCTION.—Under a contract for sale of timber whereby it was agreed that the seller's brother "is to receive all the lumber and funds for same" until the seller is paid in full for all his logs delivered at the price stipulated, *held* that the contract constituted a conditional sale with reservation of title, and not an absolute sale with a reservation of a lien. (Page 472.)

2. SAME—CONDITIONAL SALES—SUBSEQUENT PURCHASER.—A seller may deliver possession of a chattel sold on condition that the title shall not pass to the vendee until the purchase price is paid in full; and a subsequent purchaser, without notice, acquires no title as against the seller. (Page 473.)

3. SAME—CONDITIONAL SALE DISTINGUISHED FROM MORTGAGE.—The fact that a conditional sale permitted a resale and provided for payment of the surplus to the buyer after the purchase money is paid did not make the contract a mortgage, instead of a conditional sale. (Page 473.)

4. SAME—CONSTRUCTION.—The rule that where a written instrument is of doubtful construction it should be construed as a mortgage rather than a conditional sale, is applied only in equity for the benefit of the party seeking to have it declared a mortgage. (Page 473.)

5. SAME—ACTION—PARTIES.—Where a contract for sale of timber reserved the title in the seller's brother until the purchase price was paid, the brother was entitled to bring an action for recovery of possession of a part of such timber. (Page 473.)

6. CONTRACT—CONSTRUCTION.—Where the terms of a written contract are undisputed, it is the province of the courts to construe such contract. (Page 473.)

Appeal from Columbia Circuit Court; *T. W. Hardy,* Special Judge; affirmed.

*C. W. McKay,* for appellant.

Construing the contract in its most favorable light to the appellee, it is nothing more than a deed of trust. The agreement of Parker to turn over the lumber and the proceeds thereof to J. W. Boyd, authorizing him to pay F. N. Boyd the amount due him by Parker for the purchase price of the logs, and to turn the residue over to Parker, was for the purpose of securing F. N. Boyd in the collection of his debt, or as security for his debt. Absolute conveyances are held by the courts to be mortgages where they are executed for the purpose of securing an indebtedness, the test being the existence of a debt and the conveyance made to secure it. 88 Ark. 301; 75 Ark. 551; 19 Ark. 278; 65 Ark. 33.

If the instrument is a mortgage, it is no valid lien as against appellant because it was not recorded. 40 Ark. 536; 41 Ark. 186.

*Stevens & Stevens,* for appellee.

Under the contract Parker had no title whatever to the lumber. The only interest he had in it was the balance of the proceeds after Frank Boyd was paid in full for all his logs delivered at the mill. This being true, it is immaterial, in the

trial of this case, whether Starnes bought the lumber from Parker, because he could purchase no greater right or interest in the lumber than Parker himself had.    68 Ark. 230;   47 Ark. 363.

It is well settled that one may sell personal property and retain the title thereto until it is paid for in full, and that was the intention of the parties in this case.   The whole instrument must be considered, and the subsequent conduct of the parties under it, in arriving at the intention of the parties. 52 Ark. 75;  55 Ark. 20.

McCULLOCH, C. J.   F. N. Boyd owned the standing timber on a certain tract of land in Columbia County, and entered into a written contract with one J. W. Parker for the sale thereof, Parker being the owner of a saw mill.   The contract reads as follows:

"This contract made and entered into this the 3d day of May, 1909, by and between F. N. Boyd, party of the first part, and J. W. Parker, party of the second part:   That the party of the first part has this day sold to J. W. Parker, the party of the second part, all merchantable pine timber on the following lands (here follows description of the lands) at $4.75 per thousand, delivered at his mill, and a bonus of 50 cents per thousand until $124.00 is paid, to be paid every Monday.   And it is agreed by the party of the second part that J. W. Boyd is to receive all the lumber and funds for same until F. N. Boyd is paid in full for all his logs delivered at the price stipulated, and the balance of the proceeds of lumber to go to J. W. Parker."

Boyd proceeded with the delivery of the timber in accordance with the contract, and the lumber after being sawed was from time to time turned over to J. W. Boyd for shipment and sale.   The lumber was stacked on the yard, and Parker sold and delivered 20,000 feet of the same to appellant Starnes in satisfaction of a debt which he owed the latter.   The appellant had no actual notice of the existence of the contract between Parker and Boyd.   The stipulated price of the timber not having been paid, appellee J. W. Boyd instituted this action before a justice of the peace against appellant to recover the lumber sold and delivered to the latter.   On appeal to the circuit

court, the case was tried, and the court directed the jury to return a verdict in favor of appellee.

The point at issue is, whether the contract should be construed as a sale on condition that the title should remain in the vendor until the purchase price should be paid, or whether it was one for the absolute sale and delivery of the timber with a stipulation for the delivery of the manufactured lumber to J. W. Boyd so as to create a lien thereon for the purchase price. Appellant contends that only a lien was created on the lumber, and that the lien was subject to be defeated by a sale to an innocent purchaser. Appellee insists that the contract constituted only a conditional sale, and that the title did not pass before the payment of the purchase price.

We are of the opinion that the contention of appellee is sound, and that the trial court was right in its construction of the contract, that it constituted a conditional sale and not an absolute sale with a reservation of a lien. This is, we think, the only fair and reasonable interpretation of the contract. It provides that the timber shall be delivered by F. N. Boyd at the mill, and that the lumber manufactured therefrom be delivered to J. W. Boyd "until F. N. Boyd is paid in full for all logs delivered at the price stipulated, and the balance of the proceeds of lumber to go to J. W. Parker." The necessary effect of the contract was to require the delivery of all of the lumber to J. W. Boyd, and that the latter should receive all of the proceeds of sale thereof until the debt of F. N. Boyd should be paid, the remainder to be paid over to Parker. Under this contract Parker had no right either to the lumber or the proceeds thereof until the debt should be paid. Therefore the title could not pass to him until the debt was paid. The fact that the logs were handled by Parker in manufacturing the same into lumber did not vest the title in him, for the contract provided that the manufactured article should be delivered to F. N. Boyd's agent. Nor is our construction of the contract affected by the stipulation that J. W. Boyd was to receive all the lumber "and funds for same," for this does not imply that Parker should have the right to dispose of the lumber. This language, when read in connection with the other words of the contract, simply meant that J. W. Boyd, as agent for the vendor, should receive the funds constituting the proceeds of sale, and

apply the same to the debt of F. N. Boyd until paid in full.

This court in a long and unbroken line of cases has steadily adhered to the rule established by the great weight of authority that the vendor of a chattel may deliver possession on condition that the title shall not pass to the vendee until the purchase price be paid in full, and that a subsequent purchaser without notice acquires no title as against the original vendor. *Carroll* v. *Wiggins*, 30 Ark. 402; *Andrews* v. *Cox*, 42 Ark. 473; *McIntosh* v. *Hill*, 47 Ark. 363; *Faisst* v. *Waldo*, 57 Ark. 270; *Bank of Little Rock* v. *Collins*, 66 Ark. 240; *Triplett* v. *Implements Co.*, 68 Ark. 230. The fact that the contract in this case provides for payment of the surplus proceeds to the vendee after payment of the purchase price due the vendor does not prevent the application of the above announced rule and stamp the contract as a mortgage instead of a conditional sale.

We are not unaware of the rule laid down by the authorities that, where a written instrument is doubtful of construction, as to whether it amounts to a conditional sale or a mortgage, it should be construed to be a mortgage. This rule of construction is, however, applied only in a court of equity for the benefit of the party seeking to have an instrument declared to be a mortgage. We are, however, of the opinion that, whatever presumptions are ordinarily to be indulged in case of doubt, this contract is not reasonably susceptible of any other construction than that it means a sale on condition that the title is to be retained until the price is paid.

The contract for custody of the lumber being in the name of J. W. Boyd for the benefit of his brother, F. N. Boyd, the former can maintain an action for recovery of possession. Kirby's Digest, § 6002.

The material facts of the case being undisputed, it is within the province of the court to construe the contract, which was properly done. Judgment affirmed.

FRAUENTHAL, and KIRBY, JJ., dissent.