BERGER *v.* JONESBORO MOTOR COMPANY.

Opinion delivered May 23, 1921.

1. CONTRACTS — CONSTRUCTION — QUESTION FOR COURT.—Where the terms of a written contract are unambiguous in the light of the undisputed evidence, it is the duty of the court to construe it.

2. SALES—CONSTRUCTION.—Where a contract for the purchase of an automobile provided that the car was sold f. o. b. at the city of purchase, the written contract stipulating that in case the car costs the seller $100 more the buyer will pay same, and there was an understanding between the buyer and seller that if there was an advance of $100 in the price the buyer was to pay it, the parties did not have in mind that there might be an increase in cost of the car on account of transportation charges.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; reversed.

*Sloan & Sloan,* for appellant.

1. The court should have instructed a verdict for appellant, and erred in submitting the case to a jury, as the facts are undisputed. It is clear beyond doubt that it was the intention of the parties to charge Berger the additional $100 only in the event that the manufacturer charged the Jonesboro Motor Company that amount by reason of an advance in price.

2. There was error in the admission of evidence which was highly prejudicial to appellant.

3. The court erred in refusing to give instruction No. 1 asked by appellant and in giving No. 2 of its own motion. The verdict is totally unsupported by any testimony showing the value of the car. 21 Ark. 488. While

this case was replevin, yet the suit was in effect treated as a suit upon a contract to decide the contract price agreed to be paid for the car, instead of determining what was the actual value of the car, the only issue.

*Lamb & Frierson,* for appellee.

This case was tried by both parties upon the sole question of whether Berger was to pay $1,750 or $1,650 for the car. An appellate court will not permit parties to repudiate the theory upon which a trial court proceeded and insist upon a different theory upon appeal. The theory can not be changed on appeal. 101 Ark. 95; 108 *Id.* 490; 77 *Id.* 177; 64 *Id.* 253; *Ib.* 305; 121 *Id.* 124; 83 *Id.* 10; 95 *Id.* 593; 71 *Id.* 242; 74 *Id.* 88, 557; 78 Ark. 1; 106 *Id.* 525. Appellant chose his own ground in the trial below, and it is too late now for him to contend that the trial was not carried out strictly and technically as a replevin suit. All the pleadings, evidence and argument were directed to the one controversy, the price of the car, was it $1,750 or $1,650? A shift of position like the one claimed can not be allowed on appeal. Verdicts which are responsive to the issue will be sustained, although not strictly in statutory form. 103 Ark. 422; 123 *Id.* 261. See, also, 96 Ark. 190; 32 *Id.* 612; 68 *Id.* 580; 50 *Id.* 506, 94 *Id.* 548; 2 Bibb 178; 4 Dana 271; 1 Tex. 93; 22 Enc. Pl. & Pr. 877.

The verdict is sufficiently certain. 3 W. Va. 37; 9 W. Va. 184; 47 Pa. St. 376; 105 Mo. 411; 112 N. Y. 364; 15 Cyc. 166. Where the only issue is the amount due, an assessment of the value of the property is not necessary. Cobbey on Replevin (2 ed.), § 1065, p. 601. Appellant on appeal can not raise the issue as to the value of the car, nor as to the form of the verdict. The contract is unambiguous. 143 Ark. 143. Written contracts by letter are sustained if not ambiguous. 81 Ark. 337. The construction of such contracts is for the courts. 81 Ark. 337; 89 *Id.* 368. When a verdict is instructed by the court, this court will give to the evidence its strongest probative force to the opposing side. 103 Ark. 231; 76 *Id.* 520. Berger admittedly never complied with his contract. Con-

sidering this then as strictly a replevin suit, appellee is entitled to recover the car. Berger never made a sufficient tender of compliance with his contract. He is in default if the price were $1,650. Appellant willingly submitted the construction of the contract to the jury, and can not complain here for the first time. Cobbey on Replevin (2 ed.), § 1083.

WOOD, J. This suit was instituted by the appellee against the appellant to recover the possession of a certain automobile which is described in the complaint and affidavit for replevin. The appellee alleged that it was the owner and entitled to the immediate possession of the automobile. The complaint and the affidavit contained the usual allegations in replevin. The appellant answered, denying all the material allegations of the complaint, and set up that he purchased the car of the appellee for the sum of $1,650; that he made tender of payment as contemplated by the contract, and that the appellee demanded of appellant $100 in excess of the contract price; that it was the understanding that, if the Buick Automobile Company raised the factory price of the car in controversy $100 before the same could be delivered to the appellant, then the appellant was to pay this additional sum, but the appellant alleged that the appellee procured the car from the factory at the market price existing on the day of appellant's purchase.

J. R. Lane testified that he was the manager of the appellee on March 29, 1920. He exhibited the contract between appellant and the appellee under which the car was purchased, which contained, among others, the following provision: "In case this car costs the Jonesboro Motor Company $100 more, J. M. Berger will pay same." Witness testified: "We signed up this contract, and I told him that it would cost more money; that the factory would raise the price the first of April, and he said that would be all right, and he signed up the contract like I wrote it. He saw me write this (the above provision) in the contract." Witness further testified substantially that the above provision meant in case the car cost ap-

pellee $100 more to get the car to Joneboro, which witness said it did, as follows: He and three others went to Flint, Michigan, and drove the cars from there to Lima, Ohio, a distance of two hundred miles, and witness paid the expenses, which made it cost appellee more than $100 to get the car to Jonesboro. Witness had in mind in entering into the contract two prices—the delivered price and the cost to witness. The delivered price was the price to the man who bought. The cost provision in the contract meant that the delivered price would have been less than $1,700. The testimony of witness showed that the appellant had complied with the contract except that appellant was only willing to pay $1,650 for the car at Jonesboro, whereas the appellee was unwilling to accept less than $1,750.

Another witness testified that he heard the discussion between Lane and the appellant at the time of the execution of the contract regarding the $100, and that the agreement between them was that, if the car cost the appellee $100 more than the factory price, appellant was to pay that additional amount.

The appellant testified in substance that the provision in the contract above quoted meant the advanced price of the car, and the price was supposed to advance about April 1. Lane told appellant that there would be an advance at that time. He said he had several cars bought at the old price, and, if this car cost him more money, appellant would have to pay it. There was nothing said at the time the deal was made about some fellows being sent up to Flint to drive the car back. Witness told Lane that he did not want his car driven at all. Witness wanted the car shipped from the factory to Jonesboro. When the car arrived, Lane did not say a word with reference to the increase in the factory price. When witness went to settle with Lane, Lane said witness would have to pay him $100 more. Witness asked Lane if it cost him more, and he said, "No;" that he got it at the old price, but it cost him $100 more on the car to get it to Jonesboro, and he was charging appellant that much more. Witness told Lane that such was not

the contract. Witness bought the car f. o. b. Jonesboro.

The above are substantially the facts upon which the appellant asked the court to instruct the jury to return a verdict in his favor, which the court refused. The court, instead, instructed the jury in effect that, if the provision in the contract was intended by the parties to cover either an advance in the cost of the car or expense incurred by the appellee in procuring and delivering the car, they should return a verdict in favor of the appellee and fix the value of the car at $1,750. On the other hand, if the parties intended the above provision to cover only the advance, if any, in the price of the car, then the jury would fix the value of the car at $1,650. The jury returned a verdict in favor of the appellee, fixing the value of the car at $1,750, and judgment was rendered in favor of appellee, from which is this appeal.

The court erred in refusing to instruct the jury to return a verdict in favor of the appellant. The undisputed evidence showed that the price of the automobile was f. o. b. Jonesboro; that it was the custom of automobile factories to quote the price of their automobiles f. o. b. city of purchase. The testimony of Lane, the manager of the appellee at Jonesboro, as well as the testimony of the appellant, shows that when this contract was entered into the parties had in mind that there would be an advance in the factory price of cars about the first of April. This was clearly the meaning of Lane's language when he said, "I told him that it would cost more money—that the factory would raise the price the first of April." Berger also said, "Russell told me there would be an advance in the price of the car the first of April. He said he had several cars bought at the old price, and, if this car cost him more money, I would have to pay it."

When the provision of the contract quoted is construed in the light of this undisputed evidence of the intention of the parties, it is absolutely unambiguous, and the court erred in submitting it to the jury for construction, but should have construed it to mean that the

appellant was to pay an additional $100 to the contract price of $1,650, in case the factory advanced the price to the appellee; that is, in the event appellee had to pay the factory $100 more, then the appellant should pay the advanced price to the extent of $100. The price of the car was fixed f. o. b. Jonesboro, and showed that the parties did not have in mind at the time the contract was entered into that there might be any increase in the cost of the car to appellee on account of transportation charges. The provision under review was clearly intended to cover the advance price of $100, which the parties contemplated at the time the appellee might have to pay the factory. It was not intended to cover any additional cost or expense that appellee might have to incur in order to deliver the car f. o. b. Jonesboro.

"Where the terms of a written contract are unambiguous in the light of the undisputed evidence, it is the duty of the court to construe it." *Capitol Food Co.* v. *Mode & Clayton*, 112 Ark. 165; *Starnes* v. *Boyle*, 101 Ark. 469, and other cases cited in 2 Crawford's Digest, Contracts, § 81.

Now, the undisputed evidence shows that the factory price of the car in controversy at the time of its purchase was $1,595 with war tax added. The factory did not advance the price, and the undisputed evidence shows that the appellee did not have to pay $100 more on account of the advance in factory price to it. On the contrary, Lane testified that the car cost him $1,650, counting in his profit. He added the $100 because it cost him more than that to get it to Jonesboro. For the error in refusing to give the appellant's instruction No. 1, the judgment is reversed and the cause is dismissed.