MEYER *v.* EQUITABLE CREDIT COMPANY.

Opinion delivered June 27, 1927.

1. SALES—RESERVATION OF TITLE.—When a chattel is sold with a reservation of title in the seller, the title remains in the seller until the condition is performed, and a purchaser from the buyer acquires no title, though he buys in good faith for a valuable consideration and without notice of the condition.

2. SALES—RESERVATION OF TITLE—REMOVAL OF CHATTEL TO ANOTHER STATE.—When an automobile is sold with a reservation of title in the seller, the title remains in him until the condition is performed, though the automobile was removed to a neighboring State and mortgaged, without the mortgagee having notice of the conditional sale, unless the seller consented to the removal.

3. CONDITIONAL SALE—REMOVAL OF AUTOMOBILE TO ANOTHER STATE—BURDEN OF PROOF.—Where an automobile sold under a conditional sales agreement was removed to another State, and there mortgaged, a mortgagee has the burden of proving that the seller or his assignee consented to the removal of the automobile into the neighboring State.

Appeal from Miller Circuit Court; *James H. McCollum*, Judge; affirmed.

STATEMENT OF FACTS.

On September 30, 1925, the Equitable Credit Company, Inc., brought a suit in replevin against Paul Morrison, in the Texarkana Municipal Court, to recover a Ford automobile. Sol Meyer and Sol Kiser, partners as Meyer & Kiser, were allowed to file an intervention

and claim the automobile under a mortgage executed to them by Paul Morrison. The plaintiff recovered judgment in the municipal court, and Meyer & Kiser duly prosecuted an appeal to the circuit court.

According to the evidence for the plaintiff, on October 27, 1924, Arthur Wills executed a written conditional sales agreement to the Stamps Motor Company of Stamps, Arkansas, whereby he agreed to pay said company $468 for a Ford automobile. Two hundred dollars of the purchase price was paid in cash, and the balance was payable in twelve monthly installments of $22.34, evidenced by promissory notes. The agreement expressly provided that the title to the automobile should remain in the seller or its assignee until the purchase price was fully paid. On November 3, 1924, the notes and agreement above referred to were duly assigned for value to the Equitable Credit Company, Inc., by the Stamps Motor Company. The notes for the balance of the purchase price of said automobile have not been paid.

According to the evidence for the interveners, on or about December 23, 1924, the automobile in question was sold to Redding-Voelker Motor Company in Texarkana, Texas. This company sold the automobile to Paul Morrison in Texarkana, Texas, and he gave a mortgage on said automobile to Meyer & Kiser to secure the payment of $346.53, and said mortgage was duly recorded in Bowie County, Texas, where the automobile was located and where Morrison resided at the time the mortgage was executed. Neither Morrison nor his mortgagees knew of the conditional sales agreement above stated and referred to until this suit was brought. The mortgage indebtedness has not been paid. Morrison left the automobile in Texarkana, Texas, from the date he purchased it until the 30th day of September, 1925, when he drove it temporarily into the town of Texarkana, Miller County, Arkansas, where it was taken from him under a writ of replevin in a suit filed against him by the Equitable Credit Company, Inc., in the Municipal Court of Texarkana, Arkansas.

The case was tried before the circuit court sitting as a jury, and a finding was made by it in favor of the plaintiff. Judgment was accordingly rendered in favor of the plaintiff, and Meyer & Kiser have duly prosecuted an appeal to this court.

*John N. Cook,* for appellant.

HART, C. J., (after stating the facts). The record shows that, prior to the execution of the mortgage by Morrison to Meyer & Kiser, Arthur Wills purchased the automobile in question from the Stamps Motor Company at Stamps, Arkansas, for the sum of $468. He paid $200 in cash and gave twelve installment notes for the balance of the purchase money. He executed a written contract for the purchase of the automobile in which it is expressly stated that the title to the car shall remain in the seller or its assignee until the purchase price has been fully paid. The balance of the purchase price had not been paid at the time the present suit was instituted. The plaintiff in the present case became the purchaser of the notes for the balance of the purchase money of said automobile for value before date of maturity, and the conditional sales contract was also transferred to it. Thus it will be seen that whatever rights it had under the conditional sales agreement attached before the mortgage was executed by Paul Morrison to Meyer & Kiser. It is the settled law of this State that, when a chattel is sold with a reservation of title in the seller, the title remains in it until the condition is performed, and a purchaser from the vendee acquires no title, though he buys in good faith for a valuable consideration and without notice of the condition. *McIntosh & Beam* v. *Hill,* 47 Ark. 363, 1 S. W. 680; *Garner Mfg. Co.* v. *Cornelius Lbr. Co.,* 165 Ark. 119, 262 S. W. 1011; and *Hachmeiser* v. *Power Mfg. Co.,* 165 Ark. 469, 264 S. W. 976.

But it was argued that this rule does not apply because the automobile was carried from the State of Arkansas into the State of Texas and there mortgaged to a person who had no knowledge of the conditional sales agreement or the rights of the plaintiff thereunder. This

does not make any difference, if it is not shown that the seller of the automobile or the plaintiff knew that the automobile had been carried from the State of Arkansas into the State of Texas, or that a mortgage was executed upon it in the latter State. In *Fairbanks, Morse & Company* v. *Parker,* 167 Ark. 654, 269 S. W. 42, it was held that, in conditional sales of personal property in which the title is retained by the seller until the purchase price is paid, the buyer acquires an interest which he may sell or mortgage without the seller's consent, but the seller's right to recover the property, if not paid for, is not prejudiced by such sale or mortgage. Under our laws, in a conditional sales agreement the seller is not required to file his agreement of record, and his rights are fixed under the terms of the agreement, and are not affected by the subsequent sale or mortgage of the property by the buyer without his knowledge or consent. The burden of proof was upon the interveners to show that the seller or its assignee consented to the removal of the automobile to the State of Texas before its rights, which had become vested under the conditional sales agreement, could be affected by the subsequent mortgage of the property in the State of Texas.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.