HOWELL *v.* THEW SHOVEL COMPANY.

Opinion delivered November 23, 1931.

*A. F. Barham, James G. Coston* and *J. T. Coston,* for appellant.

*Sam Coston* and *G. B. Segraves,* for appellee.

MEHAFFY, J.   This action was begun by the Thew Shovel Company against J. M. Howell to recover certain machinery purchased by Howell from the Thew Shovel

Company. The purchase price was $11,855. Howell had defaulted in payments, and there was, at the time suit was begun, a balance due of $5,177. The contract under which the machinery was purchased contained the following:

"It is agreed that title to said property shall not vest in purchaser or in any other person, firm or corporation until paid in full. If cash payment is not made as agreed, or if there be default at any time in any payment or other condition of this agreement, the full amount unpaid hereunder, including any notes given, shall become due and payable forthwith. In default of payment or other condition herein expressed, said property may be removed by the manufacturer or its agents without legal process."

There was a judgment for appellee for the possession of the machinery sued for, and the court found that there was still due the appellee on the purchase price of said machinery the principal sum of $5,177, with accrued interest, making a total of $5,911.47.

The judgment provided that there should be deducted from this amount $1,162 damages allowed Howell on account of appellee having wrongfully used the machinery while in its possession, the damages being the difference between $7,680, the value of the machine when delivered to appellee, less the depreciated value of $6,518.

There was no conflict in the evidence about the sales contract. The undisputed facts are that the appellant purchased this machinery from the appellee for the price above named; that he had not paid all the purchase price, and that the balance of the purchase price was due. It would therefore serve no useful purpose to set out the testimony as to the contract, the only conflict in the evidence being on the question as to a tender of payment. Attention will be called to this evidence when we consider the question of offer of payment.

It is first contended by appellant that the instrument signed by Howell is in law a chattel mortgage.

In a case recently decided by this court, it was said: "The bill of sale executed by the lumber company to

appellant is on its face an absolute conveyance, but the evidence tended to show that it was really intended as security for the money advanced by appellant for the payment of the price of the logs. This fact is mentioned for the reason that counsel for appellee treated it as of primary importance in sustaining the judgment of the court. Their argument in support of the judgment is that the bill of sale was nothing more nor less than a chattel mortgage and that it was void against third parties because not filed or recorded. The answer to this contention is that the instrument was not in form of a mortgage, even though so intended by the parties, and is not controlled by registration laws governing mortgages." *Cate-LaNieve Co.* v. *Plant,* 172 Ark. 82, 287 S. W. 750.

In the case at bar the contract was not in the form of a mortgage, but was an ordinary sales contract in which title to the property sold was retained by the seller. This court has repeatedly held that the purchaser of property under a conditional sales contract has such an interest in the property that he may sell or mortgage it, but it is also well settled by the decisions of this court that the seller may retake the property, not only from the original purchaser, but from any person to whom the original purchaser may have sold it or mortgaged it.

Appellant calls attention to *Hays* v. *Emerson,* 75 Ark. 551, 87 S. W. 1027. In that case, however, the court was not considering the question that we have here, but the question there was whether a deed absolute on its face was intended as a mortgage. There is no such question involved in the case at bar.

Many decisions of this court might be cited holding that, under a conditional sales contract, where the seller retained title to the property sold, if there was a default in payment, the seller had the right to retake the property.

It has been repeatedly held that he had two remedies: that he might treat the sale as absolute and sue for the balance of the purchase price, or bring suit for the possession of the property. Where property is purchased

with the agreement that the title remains in the seller until the purchase price is paid, a subsequent purchaser, though without notice of such reservation, acquires no title as against the original vendor, and such reservation may rest wholly in parol. *Home Fire Ins. Co.* v. *Wray*, 177 Ark. 455, 6 S. W. (2d) 546; *Meyer* v. *Equitable Credit Co.*, 174 Ark. 575, 297 S. W. 846; *McGraw* v. *Calhoun*, 179 Ark. 328, 15 S. W. (2d) 409; *Laird* v. *Byrd*, 177 Ark. 1114, 9 S. W. (2d) 571; *S. E. Lux, Jr., Mercantile Co.* v. *Jones*, 177 Ark. 342, 6 S. W. (2d) 302.

Appellant's next contention is that, after the machine was taken from Howell and delivered to the appellee, the legal status of the appellee was that of a mortgagee in possession. What we have already said answers this contention.

The instrument involved in this case is not a mortgage, and it becomes unnecessary to refer to or discuss the authorities cited under this contention. This also is true of the next contention of appellant, that a mortgage in possession is liable for the usable value of the property. In the instant case the title was at all times in the appellee, and, after default in payment, it had a right to retake the property, and, while it had it in its possession rightfully, being the owner, it is not liable for the usable value while the property was so held.

The next contention of appellant is that the allowance of the court and finding of the jury totaled an amount against appellant of $12,800. We do not agree with appellant in this contention. The court found in favor of the appellee for the possession of the property; found that appellee was the owner, and, prior to the statute, this would have been the end of the controversy.

Appellee could have kept the property and would not have had to surrender it, even though the appellant had offered to pay the entire amount due.

Section 8654a of Crawford & Moses' Digest, however, provides, among other things, that the judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance

due and costs within ten days and satisfy the judgment and retain the property.

Under this section, the appellant could, at any time, have paid the balance due on the property, and he would have been entitled to the possession, but he does not claim that he ever offered to pay the balance due within ten days after the judgment.

His contention is that some person for him offered to pay the balance due after the property had been taken in the replevin suit before the trial.

This contention is based on the evidence of E. H. Polk, who testified that he had an agreement with Howell to pay what he owed on the shovel; that Howell said it was a little less than $5,500, and that he, Polk, agreed to pay it for him. He testified that he went to Memphis prepared to pay what Howell owed, and that he offered it to Mr. Moore, and he refused it. He said he was going to pay the appellee and hold title to the machine until he got his money, and that he offered to pay whatever Howell owed, and that they never did tell him what it was.

This evidence is the only evidence relied on by appellant to show any offer of payment, and it was made, not to the appellee, but to Mr. Moore of Memphis. Conceding that Mr. Moore had a right to accept the pay after the replevin suit had been brought, still Polk's testimony was contradicted, and this was a question of fact decided by the trial court.

Polk, however, does not claim to have offered any specific amount. Evidently he intended to offer what Howell told him was due, if in fact he made any offer

at all, which, as we have already said, was denied by the witnesses for appellee.

The court properly found the amount due appellee at the time of the judgment was the principal sum with interest. This could have been paid by appellant at any time under the judgment of the court, and he would have been entitled to the posession of the property, but he never offered to pay it. If he did not intend to pay the balance due and take the machinery, then it was immaterial whether he was charged with interest or not, because the taking and keeping of the property by appellee canceled the debt, but the amount must not be greater than the balance due because the purchaser has the right to pay the balance due and costs within ten days and keep the property. As we have already said, the seller, where he retains title to the property sold, may elect to make the sale absolute and sue for the balance of the purchase price, or he may bring suit for the possession of the property.

For a discussion of the law as to conditional sales and rights of the parties, see *Beene Motor Co.* v. *Dison*, 180 Ark. 1064, 23 S. W. (2d) 971; *Hardin* v. *Marshall*, 176 Ark. 977, 5 S. W. (2d) 325; *Wright Motor Co.* v. *Shaw*, 171 Ark. 935, 287 S. W. 177; *Natl. Bank of Ark.* v. *Interstate Packing Co.*, 175 Ark. 341, 299 S. W. 34; *Meyer* v. *Equitable Credit Co.*, 174 Ark. 575, 297 S. W. 846; *Clark* v. *Hagan*, 183 Ark. 226, 35 S. W. 585; *Trice* v. *People's Loan & Investment Co.*, 173 Ark. 1160, 293 S. W. 1037; *Passwater Chevrolet Co.* v. *Whitten*, 178 Ark. 136, 9 S. W. (2d) 1057; *Commercial Investment Trust* v. *Foreman*, 178 Ark. 695, 10 S. W. (2d) 897; *Brunswick-Balke-Collender Co.* v. *Culbertson*, 178 Ark. 957, 12 S. W. (2d) 903.

We find no error, and the judgment is affirmed.