CITIZENS BANK OF BOONEVILLE v. MILLER.

4-9525                                        239 S. W. 2d 1021

Opinion delivered June 4, 1951.

*Taylor & Cravens* and *Charles I. Evans,* for appellant.

*Luke Arnett* and *Mark E. Woolsey,* for appellee.

ED. F. McFADDIN, Justice.  This suit involves the conflicting claims of the parties to an automobile.

Appellee, Boyd, a dealer in secondhand automobiles at Caulksville, fourteen miles from Booneville, had a 1941 model Ford for sale.  On October 6, 1947, Buster Sturdivant, a prospective purchaser, gained possession of the car under the pretense of showing it to his wife.  He immediately drove the car to Booneville and mortgaged it to the appellant, Citizens Bank, and obtained $1,200 in cash.  Sturdivant exhibited to the Bank an alleged bill of sale to the car, signed by some unmentioned person, with the name of the grantee left blank.  Sturdivant informed the Bank: that he had purchased the car from Boyd; that Boyd had purchased the car from the party who had executed the previously mentioned bill of sale; and that Boyd had delivered the bill of sale to Sturdivant as full evidence of title and ownership.  The Bank relied entirely on Sturdivant's statements and allowed him to keep the said bill of sale; but the Bank promptly filed its chattel mortgage in Sebastian County, in which Sturdivant resided.

After obtaining the $1,200 from the Bank, in the manner aforesaid, Sturdivant returned to Boyd and agreed to buy the said car.  Sturdivant paid Boyd $600 cash and also executed a title retaining note on the car for the balance of $600.  The note contained this language:

"Upon failure to pay any one of said installments when due, or if the property be removed from its present location without the written consent of R. L. Boyd and Son, or if said property be mortgaged or otherwise encumbered, possession thereof transferred, suffered to be levied on, or exposed to unusual hazard, R. L. Boyd and Son shall have the right to take possession of said property, and all previous payments made thereon shall

be retained as liquidated damages for the use and rental thereof.''

Some time between five days and a month after Sturdivant signed the title retaining note, he went back to Boyd (who still had no personal knowledge of Sturdivant's dealings with the Bank), and surrendered the 1941 Ford car and gave Boyd $1,700 in cash, in return for which Boyd delivered to Sturdivant the said title retaining note and a 1946 Mercury car. What Sturdivant did with the Mercury car is not shown. After Boyd thus repossessed the 1941 Ford, he sold it to Miller, one of the appellees herein. Sturdivant died in December, 1947;[1] and shortly thereafter the Bank filed replevin action against Miller to recover the 1941 Ford on which the Bank claimed its mortgage to be superior. Miller filed cross-bond, retained the car, and resisted the replevin action.

A trial was commenced in the Circuit Court in 1948; but when the Circuit Judge heard the facts, detailed substantially as heretofore, he transferred the case to equity ''in order to save a multiplicity of suits.'' In equity the Bank filed an ''Amended Complaint,'' naming both Boyd and Miller as defendants, and claimed that if the Bank did not recover the car from Miller, then the Bank should have judgment against Boyd and Miller for $1,000 as the value of the car at the time of filing such Amended Complaint. Miller denied all rights of the Bank and called on Boyd to protect the warranty in the bill of sale from Boyd to Miller. Trial in the Chancery Court disclosed the facts substantially as heretofore detailed; and the Chancery Court refused the Bank any relief. From that decree comes this appeal.

We mention at the outset that the transactions occurred in 1947, so Act 142 of 1949 has no application. Furthermore, no party to this suit has referred to any provision of Act 386 of 1939, as found in § 75-101, *et seq.* of the Permanent Volume of Ark. Stats. Rather, the parties tried the case in the Chancery Court, and have

---

[1] We held in *Mutual Life Insurance Co.* v. *Sturdivant*, 215 Ark. 697, 222 S. W. 2d 812, that Sturdivant committed suicide.

briefed it in this Court, on the issue of whether the Bank's mortgage was superior to Boyd's reacquired title from Sturdivant. On that issue we reach the conclusion that the Chancery decree should be affirmed.

Sturdivant had no title to the car when he executed the mortgage to the Bank. Boyd testified that he gave Sturdivant no title papers when Sturdivant borrowed the car on the pretense of showing it to his wife; so evidently Sturdivant either found some papers in the car or prepared bogus papers to exhibit to the Bank. The motor number in the Bank's mortgage is slightly different from the actual motor number of the car. Boyd's title note was all the time superior to any claim of the Bank. See *Triplett* v. *Mansur,* 68 Ark. 230, 57 S. W. 261, 82 Am. St. Rep. 284, and *Starnes* v. *Boyd,* 101 Ark. 469, 142 S. W. 1143.

Boyd had full right to repossess the car, because Sturdivant had violated the provision of the note by mortgaging the car to the Bank. The violation existed even though Boyd was ignorant of it. When Boyd repossessed the car under the title note, he took the car and the title as of the date of the execution of the note, because when the vendor repossessed the property under his title contract, he cancelled the sale. See *Meyer* v. *Equitable Credit Co.,* 174 Ark. 575, 297 S. W. 846, and cases there cited. See, also, West's Ark. Digest, ''Sales,'' §§ 472, 473, and 479.

Affirmed.